IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 0:02-1173-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| LACARLOS CURETON ) | |

This matter is before the court upon motion of the defendant for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and pursuant to Amendment 750 to the United States Sentencing Guidelines. The government has responded and consents to a reduction as set forth herein. For the reasons which follow, the defendant's motion (ECF No. 987) is granted.

On February 28, 2005, the defendant was sentenced to 231 months imprisonment after pleading guilty Count 1 of the Indictment which charged conspiracy to possess with intent to distribute and distribution of 5 kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 28 U.S.C. § 841(a)(1) and (b)(1)(A).

The defendant was held accountable for 1.5 kilograms of crack cocaine for a base offense level of 38. He received a 2-level enhancement for possession of a firearm and a 3-level reduction for acceptance of responsibility. This resulted in a total offense level of 37 (38 + 2 – 3 = 37), and coupled with a criminal history category of II, the resulting guideline range was 262 to 327 months.

The court granted the government's motion for a further 2-level reduction under U.S.S.G. § 5K1.1 and this lowered the defendant's offense level from 37 to 35, producing a new guideline range of 210 to 262 months. The defendant was resentenced to 231 months.

On December 3, 2008, this court granted the defendant another 2-level reduction of his offense level pursuant to Amendment 706 of the United States Sentencing Guidelines. This lowered his offense level from 35 to 33 and produced a new range of 168 to 210 months. The court reduced his sentence to 168 months.

The defendant now seeks a reduction pursuant to Amendment 750 which permits a two-level reduction in the offense level and applies to eligible defendants who were sentenced for crack offenses under the Guidelines. Section 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines pursuant to 28 U.S.C. § 994(u), the court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Part A of Amendment 750 altered the offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The Fair Sentencing Act of 2010—which statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 USC Section 841(b)—directed the Sentencing Commission to lower the guideline offense levels. Amendment 750 became effective on November 1, 2011 and was made retroactive. In *Dillon v. United States*, 130 S. Ct. 2682 (2010), the Supreme Court explained that § 3582 authorizes only a limited adjustment to an otherwise final sentence.

In calculating the proposed sentencing range to determine the potential applicability of Amendment 750 to the defendant's sentence, the court looked at the following factors. Under the current Guidelines and after previous reductions, the defendant's base offense level would now be 31, and with a criminal history category of II, the resulting guideline

2

range is 135 to 168 months. The government consents to a reduction to 135 months.

It appears to this court that application of Amendment 750 to the defendant's sentence results in a sentencing range that is lower than the range applicable before Amendment 750 was enacted, thus a reduction is authorized and appropriate.

Having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court hereby reduces the defendant's sentence to 135 months. In the event that these calculations result in a sentence that is less that the amount of time the defendant has already served, the sentence should be reduced to a sentence of time served.

The Clerk is directed to enter an amended judgment.

IT IS SO ORDERED.

August 14, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge